IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| SONYA BLACKWELL-FRIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:21-cv-4047-SLD-JEH |
| | ) | |
| CHRISTINE WORMUTH[1], SECRETARY, | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sonya Blackwell-Fripp, a former 13-month term employee of the Army who worked as a licensed practical nurse at the Rock Island Arsenal ("RIA") Health Clinic (the "Clinic"), brings allegations of race discrimination[2] and retaliation arising from the expiration of her term appointment in October 2019.  Defendant did not renew her term appointment.  Plaintiff was on written notice from the outset of her employment that she was not promised any renewal or extension of her term

---

[1] Christine Wormuth was confirmed as Secretary of the Army on May 27, 2021.  She is automatically substituted for former Acting Secretary of the Army Whitley under Fed. R. Civ. P. 25(d).

[2] Plaintiff titles Count I of her Complaint "Sex Discrimination in Employment in Violation of §2000e-1 et. seq.", but the substantive paragraphs under that title discuss discrimination based on Plaintiff's race (African-American), rather than discrimination on the basis of gender, so Defendant understands Plaintiff to be complaining of race discrimination instead of gender discrimination.  Plaintiff did not raise gender as a basis for her EEO complaint when she filed in November 2019. (See EXHIBIT 1 - ROI at 6.)  Further, as all her proposed comparators for purposes of her race discrimination claim (see ECF 1 at 3, para. 14) are also female, her Complaint on its face undercuts any claim of disparate treatment based on gender that she might attempt to raise.

1

appointment and had no reasonable expectation that her term would be renewed. At the time that Clinic leadership decided not to renew Plaintiff's appointment, Defendant was downsizing the Clinic staff due to a statutory change in its healthcare mission set forth in the 2017 National Defense Authorization Act. Plaintiff cannot raise a dispute of material fact as to whether her race or her prior history of filing an EEO complaint was the reason for her term not being renewed. Plaintiff cannot raise a dispute of material fact on this point or establish a right to recovery for either discrimination or retaliation, and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant hereby requests that the Court enter summary judgment in her favor.

## STATEMENT OF MATERIAL FACTS

**Employment History**

1. Plaintiff was employed by the Department of the Army as a GS-06 Practical Nurse for a 13-month term appointment at the Clinic from September 2, 2018, until October 2, 2019. (ECF 1 at 2, para. 4; EXHIBIT 1 - ROI at 95-96)

2. Sergeant First Class ("SFC") Eugenio Lolli was the non-commissioned officer in charge ("NCOIC") of the Clinic and Plaintiff's first-level supervisor. (ECF 1 at 2, para. 6; EXHIBIT 1 - ROI at 162)

3. Dr. Aaron Jacob was Plaintiff's second-level supervisor. (ECF 1 at 2, para. 6; EXHIBIT 1 - ROI at 154)

4. Plaintiff signed a Statement of Understanding during her hiring process that stated in relevant part, "This position is a Term Not to Exceed 13 Months. I understand that I am accepting at TERM appointment which does not afford any permanent

2

status. I understand that this position may be converted to a permanent, competitive position, based on the needs of the organization.  I understand that this conversion is not guaranteed." (EXHIBIT 1 - ROI at 95)

**Plaintiff Remained Employed for 13 Months**

5. In October 2019, Plaintiff's term appointment as an Army employee ended.  She was not terminated prior to the expiration of her term.  (EXHIBIT 1 - ROI at 116)

6. Plaintiff received notice via memorandum dated September 13, 2019, that her term appointment would not be renewed on October 2, 2019 due to her not to exceed ("NTE") date, which she had notice of when she was hired.  (EXHIBIT 1 - ROI at 95, 96, 116)

7. At the time she received the notice that her term appointment would not be renewed, the permanent employee Plaintiff was backfilling was due to return to the Clinic from active-duty military service.  (EXHIBIT 1 - ROI at 164, 185, 189)

8. Plaintiff attested that Cynthia Taylor, the employee she was backfilling, came to the Clinic on September 26, 2019, after Plaintiff's notice dated September 13, and publicly told the staff that her military service was being extended to May 2020. (EXHIBIT 1 - ROI at 157)

9. SFC Lolli, COL Gordon Prairie, and MAJ Elizabeth Hamilton made the decision not to extend Plaintiff's term appointment.  (EXHIBIT 1 - ROI at 164, 185, 189)

10. MAJ Hamilton and COL Prairie worked at Blanchfield Army Community Hospital at Fort Campbell, Kentucky.  (EXHIBIT 1 - ROI at 185, 189)

3

11. COL Prairie attested the Clinic was being downsized due to the requirement in the 2017 National Defense Authorization Act ("NDAA") to reduce the mission and no longer provide medical services to retirees and their family members. As a result, the Clinic patient population was reducing by one-third, and the staff was being reduced by the same amount through regular attrition. (EXHIBIT 1 - ROI at 189-190)

12. SFC Lolli noted that the Clinic staff was informed in April 2019 that, due to the downsizing, staff would not be replaced when they left unless their positions were mission critical. (EXHIBIT 1 - ROI at 166)

13. SFC Lolli and Dr. Aaron both attested that no one was hired behind Plaintiff. (EXHIBIT 1 - ROI at 164, 172)

**Procedural History**

14. Plaintiff pleads she made initial contact with an EEO counselor on her first EEO complaint on June 7, 2019. That claim was dismissed. (ECF 1 at 2, para. 7; EXHIBIT 1 - ROI at 64)

15. Plaintiff filed her formal complaint numbered ARRIA19OCT03826 on November 15, 2019, alleging race discrimination and retaliation when her term appointment was not extended on October 2, 2019. (EXHIBIT 1 - ROI at 42)

16. Plaintiff filed her Complaint on March 15, 2021. (ECF 1)

## LEGAL STANDARD

While a plaintiff in an employment discrimination case is entitled to a *de novo* review in the district court, she is not entitled to a full trial on the merits if summary judgment is appropriate. Summary judgment is appropriate when all the evidence, "pleadings,

depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (]1986); *Pipitone v. United States*, 1890 F.3d 859, 861 (7th Cir. 1999) (quoting *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994)). Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249-50 (internal citations omitted).  Summary judgment is also appropriate where the party opposing summary judgment fails to establish a genuine issue of fact on an element essential to that party's case and on which that party bears the burden of proof.  *Celotex,* 477 U.S. at 317, 322-23.  For a claim to survive a motion for summary judgment, the respondent must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

    The question on summary judgment is whether Defendant has shown that there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017); Fed. R. Civ. P. 56(a). The court must resolve factual disputes and draw all inferences in Plaintiff's favor as the non-moving party. *Id.* However, Plaintiff is "'only entitled to the benefit of inference

supported by admissible evidence, not those supported by only speculation or conjecture."' *Id.* (internal citations omitted).

Summary judgment is appropriate, and the moving party is entitled to judgment as a matter of law, where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). To survive summary judgment, a plaintiff must produce admissible evidence demonstrating that there exist genuine issues of material fact. *See Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009) ("To defeat a summary judgment motion, however, a party may rely only on admissible evidence.") Mere allegations, guesswork, and speculation will not suffice. *See, e.g., Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 675 (7th Cir. 2012) ("[G]uesswork and speculation are not enough to avoid summary judgment"); *Trade Fin. Ptnrs, LLC, v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009) ("[Plaintiff] was required to present more than a mere allegation to survive summary judgment – it must point to evidence creating a genuine issue of material fact.").

## ARGUMENT

**A. Plaintiff Cannot Raise a Dispute of Material Fact as to Whether Race Discrimination was the Cause of Any Adverse Action She Complains Of**

Title VII of the Civil Rights Act of 1964 (Title VII") makes it illegal for an employer to "discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000-2(a) (1); *see also Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 303 (7th Cir. 2000). As set out in *McDonnell Douglas Corp. v.*

6

*Green*, 411 U.S. 792, 802 (1973), a plaintiff can prove the claimed discrimination with a showing of direct evidence of the employer's motive to discriminate or through circumstantial evidence and the indirect burden-shifting framework. To establish a prima facie case of discrimination, a plaintiff must demonstrate that 1) she was a member of a protected class, 2) she was meeting her employer's legitimate business expectations, 3) she suffered an adverse employment action, and 4) her employer treated similarly situated employees outside of the class more favorably. *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005).

Plaintiff pleads that she is African-American and therefore a member of a protected racial class.  Plaintiff points to her fully successful performance evaluation in April 2019 to suggest she was meeting her employer's legitimate performance expectations.  For purposes of this motion only, Defendant assumes that she was.[3] Plaintiff must also show that she suffered an adverse employment action. "Typically, adverse employment actions are economic injuries." *Markel v. Board of Regents of Univ. of Wis. Sys.*, 276 F.3d 906, 911 (7th Cir. 2002).  For purposes of this motion only, Defendant assumes that the decision not to extend Plaintiff's term appointment qualifies as an adverse action under the Title VII standard, even though Plaintiff cannot show she had

---

[3] After she received notice that her term appointment would not be extended in September 2019, SFC Lolli observed her attendance drop.  (EXHIBIT 1 - ROI at 166)  Defendant does not assert this downturn in Plaintiff's performance was the reason her term appointment was not extended originally, as that occurred prior to her performance downturn.  Plaintiff had some additional family responsibilities and admits her morale and her health took a downturn due to stress once she received confirmation that her term would not be renewed. (EXHIBIT 1 - ROI at 178)  There appears to be no dispute her attendance dropped off somewhat as a result.

any reasonable expectation of an extension or of a conversion to a permanent position in light of the statement of understanding she signed before beginning her employment.

However, Plaintiff cannot raise a dispute of material fact as to whether she was treated less favorably than a similarly-situated comparator outside her protected class. She has suggested that other term employees were treated more favorably by having their terms extended, but she cannot support that assertion with evidence. There is no indication in the record that any other 13-month term practical nurse at the Clinic had her term extended. Purported comparators must be "directly comparable [to the plaintiff] in all material aspects." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). Plaintiff has alleged in a conclusory fashion that "other similarly situated Caucasian employees in the health clinic namely Amy Mitton, Melissa Hoye, and Johanna Olsen who were are [sic] all term employees who were granted extensions and Ms. Mitten [sic] was subsequently hired as a permanent employee." The evidence of record is that none of these is a proper comparator to Plaintiff. Further, Mitton and Olsen had longer appointment terms, were not extended, and were not hired as permanent employees behind Plaintiff, and that Hoye was in a mission-critical position as a Medical Support Assistant ("MSA"), not a nurse. (EXHIBIT 1 - ROI at 164-165, 185-186) When determining whether employees are similarly situated, courts consider whether the employees: 1) had the same job description; 2) were subject to the same standards; 3) were subject to the same supervisor; and 4) had comparable experience, education, and other qualifications. *Bio v. Fed. Express Corp.*, 424 F.3d 593, 597 (7th Cir.

8

2005). Relevant in this case, too, is the length of the term appointment each proposed comparator was serving.

Plaintiff provides zero factual support for her assertion that other term employees were extended, and the record demonstrates otherwise. The record demonstrates that Johanna Olsen was a term medical support assistant, GS-5. Accordingly, she and Plaintiff do not share the same grade or job description. Neither has Plaintiff demonstrated that they shared the same supervisors. Ms. Olsen had a different term appointment, as well. (EXHIBIT 1 - ROI at 77-78) Ms. Olsen is distinct from Plaintiff in material aspects of her employment and is therefore not a proper comparator for Plaintiff.

Ms. Mitton was also a GS-6 Practical Nurse, but she was serving a three-year term appointment and thus was not similarly situated to Plaintiff. (EXHIBIT 1 - ROI at 164) There is no evidence in the record that Ms. Mitton's three-year term was extended. In fact, the testimony of record is entirely to the contrary. Plaintiff speculated, saying she "heard" Ms. Mitton was converted to a permanent position, but that kind of rumor and speculation is insufficient to withstand summary judgment as a matter of law.

Plaintiff provides no evidence that Ms. Hoye was a practical nurse serving a 13-month term. The evidence of record suggests that Ms. Hoye was an MSA, not a nurse, and was in a mission-critical position, which distinguishes her from Plaintiff. (EXHIBIT 1 - ROI at 164, 168)

In an effort to demonstrate that she was treated differently from someone outside her protected class, Plaintiff pleads that a white woman was hired behind her but there

is no evidence to support this speculation by Plaintiff. Indeed, the testimony of record from Dr. Aaron and SFC Lolli is that no one was hired behind Plaintiff.

Finally, in addition to failing to make an indirect case of discrimination based on race, Plaintiff has identified zero direct evidence that her race was the reason her term was not extended. For all these reasons, Plaintiff cannot raise a dispute of material fact as to whether she was discriminated against on the basis of her race, and Defendant is entitled to judgment as a matter of law on this claim.

### B. Plaintiff cannot raise a dispute of material fact as to whether retaliation was the but-for cause of her termination

Employers are prohibited from retaliating against their employees for complaints of discrimination or other practices that violate Title VII. 42 U.S.C. § 2000e-3(a). In order to survive summary judgment on her claim of retaliation, a plaintiff must identify a dispute of material fact as to whether she was subjected to an adverse action and whether that action was solely the result of unlawful retaliation for protected activity. *Lord v. High Voltage Software*, 839 F.3d 556, 563 (7th Cir. 2016), citing *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015); 42 USC 2000e–3(a). Even before the U.S. Supreme Court adopted the but-for causation standard for retaliation claims in its holding in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522 (2013), the Seventh Circuit required plaintiffs to prove an alleged retaliatory act would not have been taken but for the plaintiff's protected Title VII activity. *King v. Preferred Tech. Grp.*, 166 F.3d 887, 892 (7th Cir. 1999). Traditionally, a plaintiff could demonstrate retaliation using either the "direct" or the "indirect" method of proof. *Id*. However, courts in the Seventh

10

Circuit now ask whether a reasonable jury could find, based on all available evidence, that a retaliatory motive prompted the allegedly adverse action. *See Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 569 (7th Cir. 2017) (noting the court has discarded the *McDonnell Douglas* direct and indirect methods of proof) (citing *Williams v. Office of the Chief Judge of Cook Cty.*, 839 F.3d 617, 626 (7th Cir. 2016).

Plaintiff pleads she engaged in prior protected activity in June 2019, when she filed her first EEO complaint, which was dismissed. She alleges retaliation is the reason her term was not extended, but her allegation is completely speculative and devoid of evidentiary support. Accordingly, Defendant is entitled to judgment as a matter of law on this claim.

The record demonstrates that SFC Lolli, MAJ Hamilton, and COL Prairie were all involved in the decision not to renew Plaintiff's 13-month term appointment in light of the required downsizing of the RIA Clinic. At the time they made the decision, they understood the permanent civilian employee whom Plaintiff was backfilling would be returning from active duty military service, as well. The Clinic management was also facing the requirement to downsize the staff in keeping with the reduced Clinic mission set forth by the 2017 NDAA. The Clinic staff was put on notice in April 2019 that staff would not be replaced as they left unless their positions were deemed mission critical.

Plaintiff has articulated her speculative reasoning about why SFC Lolli and Dr. Jacob were motivated to retaliate against her. None of her speculation is supported with evidence, and it is insufficient as a matter of law to overcome Defendant's neutral, non-retaliatory reasons for the decision not to renew Plaintiff's term appointment,

however.  In particular, Plaintiff has neither articulated nor demonstrated why MAJ Hamilton and COL Prairie or either of them was motivated to retaliate against her.  There is no evidence in the record that either MAJ Hamilton or COL Prairie was acquainted with Plaintiff or aware of Plaintiff's prior history of filing an EEO complaint against SFC Lolli.  Even if they were, it is hard to understand why they would want to retaliate for a complaint against someone they did not work with directly.  Both Hamilton and Prairie articulated purely business-based reasons for the decision not to extend the term appointment.  On the record before the Court, Plaintiff cannot raise an inference of pretext as to these individuals who undisputedly participated in the decision not to extend her term appointment.

      For these reasons, Plaintiff cannot raise a dispute of material fact as to whether retaliation was the but-for cause of the decision not to renew her 13-month term appointment when it expired in 2019, and the Defendant is therefore entitled to judgment as a matter of law.

## CONCLUSION

For all the above reasons, Defendant is entitled to judgment as a matter of law and hereby requests the Court to enter summary judgment in his favor on Plaintiff's claims.

        Respectfully submitted,

        CHRISTINE WORMUTH,
        Secretary of the Army

        DOUGLAS J. QUIVEY
        *Acting United States Attorney*

By:    s/ Kimberly A. Klein
        _____
        Kimberly A. Klein
        Assistant United States Attorney
        United States Attorney's Office
        211 Fulton Street
        Peoria, IL  61602
        Telephone:  309-671-7050
        Fax:  309-671-7259
        Email: kimberly.klein@usdoj.gov